STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

NELLIE FRANCIS

VS.

C.A.NO.:

PROVIDENCE SCHOOL BOARD

## COMPLAINT

1. Plaintiff Nellie Francis ("Francis") is a resident of the city of Providence and an employee of the Providence School Department.

2. Defendant Providence School Board ("the Board") is an agency of the City of Providence, a Rhode Island municipal corporation.

3. This Honorable Court has jurisdiction to hear this matter pursuant to the Americans With Disabilities Act 42 U.S.C. § 121010 et seq. ("ADA"), the Rhode Island Fair Employment Practices Act R.I.G.L. § 28-5-1 et seq. ("RIFEPA") and the Rhode Island Civil Rights Act R.I.G.L. 42-112-1 et seq. ("RICRA").

4. Francis has been employed as a high school biology teacher by the Board since 1995.

5. In October 1998 Francis experienced a work-related injury. She sustained injuries to her left side, left arm, lower and upper back, neck as well as to her left thigh.

6. These injuries rendered her unable to work.

7. Francis commenced receiving indemnity benefits pursuant to the Rhode Island Workers' Compensation Act for her work-related injury.

Exhibit A

8. The injuries sustained by Francis in 1998 are permanent and have left her with a permanent disability.

9. Francis now suffers a physical impairment that substantially limits one or more of her major life activities.

10. On November 26, 2001 Francis received a medical clearance to resume her teaching duties with restrictions.

11. Those restrictions included no lifting over ten pounds, no bending, no prolonged sitting as well as parking very close to the entrance of her school building, as well as a secure drawer or cupboard for her books and other teaching materials.

12. Francis requested this reasonable accommodation, as well as to be stationed in a classroom with running water suitable for teaching biology.

13. Francis sought these reasonable accommodations in order to avoid reinjuring herself by carrying her books and teaching materials.

14. When Francis returned to work in August 2002 the Board refused these reasonable accommodations.

15. As a result of this refusal to give Francis this reasonable accommodation, Francis has twice reinjured herself.

16. Francis has not been able to work since 2002 as a result of these injuries.

17. Francis is an individual with a disability.

18. Francis is a qualified individual with a disability

19. Francis will continue to suffer recurrences of her work related injury is the Board refuses to grant her reasonable accommodations.

20. Because the Board has denied Francis reasonable accommodations she has been unable to work.

21. As a result of her inability to work Francis has sustained economic damage due to loss of income as well as emotional distress.

WHEREFORE., Plaintiff requests that this Honorable Court grant the following relief:

1, Order the Board to restore Francis to employment with reasonable accommodations.

2. Order the Board to restore her back pay lost as a result of the Board's refusal to give her reasonable accommodations.

3. Order the Board to pay punitive damages.

4. Order the Board to pay her costs and reasonable attorneys fees.

5. Any other relief this Honorable Court deems fair and just.

PLAINTIFF DEMANDS A JURY TRIAL.

NELLIE FRANCIS
By her attorney,

Kenneth Haupt #5739
DeSisto & Associates
Suite 1010
One Turks Head Place
Providence, R.I. 02903
(401) 421-0170

DATE: December 11, 2003.