UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 04 04T

NELLIE FRANCIS,

Plaintiff,

v.

PROVIDENCE SCHOOL BOARD

Defendant.

CIVIL ACTION

NO. ________________

**NOTICE OF REMOVAL**

The Defendant, Providence School Board ("Board"), by their undersigned attorneys, hereby provide notice of their removal of the above-captioned case from the Superior Court of the State of Rhode Island to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1441(b) and 1446. Removal is proper for the following reasons:

1. This action was commenced by Plaintiff in the Superior Court of the State of Rhode Island on December 11, 2003. The case was docketed as Civil Action No. 03-6472. A copy of the Complaint is attached as Exhibit A.

2. The Board, through its attorneys, received the Complaint on December 30, 2003. The Senior Assistant City Solicitor Sara A. Rapport accepted service for the Board on that same date.

3. This Notice of Removal is timely, as it is filed within 30 days after receipt by the Board of a copy of the Complaint.

2

4. This case is removable from state court to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b).

5. In her Complaint, Plaintiff alleges that in October 1998 the Plaintiff experienced a work-related injury that rendered her unable to work. She further alleges that she received "medical clearance to resume teaching duties with restrictions" on November 26, 2001; that she requested "reasonable accommodations"; that when she returned to work in August 2002, the Board refused these reasonable accommodations; that she twice re-injured herself as a result of this failure to accommodate; and that the Board continues to refuse to grant the Plaintiff reasonable accommodations. See Complaint ¶¶ 5-6, 10-19.

6. Plaintiff seeks damages and injunctive relief (i.e., restoration to employment with accommodations) for alleged violations of the American with Disabilities Act, 42 U.S.C. § 121010 et. seq. ("ADA"). See Complaint ¶ 3. Plaintiff's claim is founded in federal law within the meaning of 28 U.S.C. § 1331.

7. The claim alleged in the Complaint falls within the original jurisdiction of this Court. Under the provisions of 28 U.S.C. § 1441, et seq., the right exists to remove this action from the Superior Court of the State of Rhode Island to the United States District Court for the District of Rhode Island, which embraces the place where this action is pending.

8. Under 28 U.S.C. § 1441 and principles of supplemental jurisdiction under 28 U.S.C. § 1367, the right exists to remove the entire case to this Court. The state law causes of action in the Complaint involve the same factual background as the federal cause of action. Where, as here, "the state and federal claims . . . derive from a common nucleus of operative fact," the

federal court will exercise supplemental jurisdiction over the state law claims. Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1175-76 (1st Cir. 1995) (citing 28 U.S.C. § 1367(a)).

9. A copy of the Notice of Removal will be sent promptly to opposing counsel of record and will be filed promptly with the Clerk of the Superior Court of the State of Rhode Island, in accordance with 18 U.S.C. § 1446(d).

10. Pursuant to Local Rule 36, within 10 days after filing this Notice of Removal, the Board will file with this Court certified copies of the Superior Court file, including a copy of this Notice, and a copy of the Superior Court docket entries.

Dated: January 7, 2003

DEFENDANT,
By their attorneys,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

By [signature]

Sara A. Rapport (#6184)
Senior Assistant City Solicitor
Pamela Quigley (#5251)
Assistant City Solicitor
Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740
(401) 351-7596 (facsimile)

CERTIFICATE OF SERVICE

I certify that a copy of this Notice of Removal was delivered by facsimile to Kenneth Haupt, Esquire, counsel for Plaintiff, One Turks Head Place, Suite 1010, Providence, RI 02903, on January 7, 2003.

Sara Tappert

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

NELLIE FRANCIS

VS.

C.A.NO.:

PROVIDENCE SCHOOL BOARD

**COMPLAINT**

1. Plaintiff Nellie Francis ("Francis") is a resident of the city of Providence and an employee of the Providence School Department.

2. Defendant Providence School Board ("the Board") is an agency of the City of Providence, a Rhode Island municipal corporation.

3. This Honorable Court has jurisdiction to hear this matter pursuant to the Americans With Disabilities Act 42 U.S.C. § 121010 et seq. ("ADA"), the Rhode Island Fair Employment Practices Act R.I.G.L. § 28-5-1 et seq. ("RIFEPA") and the Rhode Island Civil Rights Act R.I.G.L. 42-112-1 et seq. ("RICRA").

4. Francis has been employed as a high school biology teacher by the Board since 1995.

5. In October 1998 Francis experienced a work-related injury. She sustained injuries to her left side, left arm, lower and upper back, neck as well as to her left thigh.

6. These injuries rendered her unable to work.

7. Francis commenced receiving indemnity benefits pursuant to the Rhode Island Workers' Compensation Act for her work-related injury.

Exhibit A

8. The injuries sustained by Francis in 1998 are permanent and have left her with a permanent disability.

9. Francis now suffers a physical impairment that substantially limits one or more of her major life activities.

10. On November 26, 2001 Francis received a medical clearance to resume her teaching duties with restrictions.

11. Those restrictions included no lifting over ten pounds, no bending, no prolonged sitting as well as parking very close to the entrance of her school building, as well as a secure drawer or cupboard for her books and other teaching materials.

12. Francis requested this reasonable accommodation, as well as to be stationed in a classroom with running water suitable for teaching biology.

13. Francis sought these reasonable accommodations in order to avoid reinjuring herself by carrying her books and teaching materials.

14. When Francis returned to work in August 2002 the Board refused these reasonable accommodations.

15. As a result of this refusal to give Francis this reasonable accommodation, Francis has twice reinjured herself.

16. Francis has not been able to work since 2002 as a result of these injuries.

17. Francis is an individual with a disability.

18. Francis is a qualified individual with a disability

19. Francis will continue to suffer recurrences of her work related injury is the Board refuses to grant her reasonable accommodations.

20. Because the Board has denied Francis reasonable accommodations she has been unable to work.

21. As a result of her inability to work Francis has sustained economic damage due to loss of income as well as emotional distress.

WHEREFORE., Plaintiff requests that this Honorable Court grant the following relief:

1, Order the Board to restore Francis to employment with reasonable accommodations.

2. Order the Board to restore her back pay lost as a result of the Board's refusal to give her reasonable accommodations.

3. Order the Board to pay punitive damages.

4. Order the Board to pay her costs and reasonable attorneys fees.

5. Any other relief this Honorable Court deems fair and just.

PLAINTIFF DEMANDS A JURY TRIAL.

NELLIE FRANCIS
By her attorney,

Kenneth Haupt #5739
DeSisto & Associates
Suite 1010
One Turks Head Place
Providence, R.I. 02903
(401) 421-0170

DATE: December 11, 2003.

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[xx] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. 03-6472

Nellie Francis
**Plaintiff**

Providence School Board
**Defendant**

***Summons***

*To the above-named Defendant:* Legal Department
797 Westminster St.
Providence, RI 02903

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Kenneth D. Haupt, Esq. Plaintiff's attorney, whose address is One Turks Head Place, Ste. 1010 Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

Jane M. Anthony
CLERK

Dated: December 15, 2003

**(Seal of the Superior Court)**

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

NELLIE FRANCIS :

VS. : C.A. No.03-6472

PROVIDENCE SCHOOL BOARD :

**NOTICE OF FILING OF NOTICE FOR REMOVAL**

Please take notice that on the 7th day of January, 2004, Defendants, the Providence School Board, filed in the Office of the Clerk of the United States District Court for the District of Rhode Island a notice for removal of the above-captioned action to the United States District Court. A copy of said notice is attached hereto and is being filed along with this notice.

DEFENDANT,
By their attorneys,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

By [signature]

Sara A. Rapport (#6184)
Senior Assistant City Solicitor
Pamela Quigley (#5251)
Assistant City Solicitor
Department of Law
275 Westminster Street, Suite 200
Providence, Rhode Island 02903
(401) 421-7740
(401) 351-7596 (facsimile)

CERTIFICATE OF SERVICE

I certify that a copy of this Notice of Filing was delivered by facsimile to Kenneth Haupt, Esquire, counsel for Plaintiff, One Turks Head Place, Suite 1010, Providence, RI 02903, on January 7, 2003.

______________________