**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NELLIE FRANCIS

VS. CA 04-04T

PROVIDENCE SCHOOL BOARD

# PLAINTIFF.S OBJECTION TO DEFENDANTS'

## MOTION TO FILE MOTION FOR SUMMARY JUDGMENT

PLAINTIF, NELLIE S, FRANCIS HEREBY OBJECTS TO DEFENDANTS" REQUESTS TO GRANT IT PERMISSION TO MOVE FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 AND LOCAL RULES, IN SUPPORT OF THIS MOTION, PLAINTIFF NELLIE S. FRANCIS STATES AS FOLLOWS,

(1) The Defendant removed this matter from state to federal court in January 2004.

(2) The Court issued a Pretrial Order dated 11 March 2004.

(3) Counsel for the Plaintiff filed a motion seeking to withdraw on or about 19 April 2004.

(4) Counsel for the Plaintiff refilled the motion seeking to withdraw on or about 4 August 2004, and this Court granted such motion on 31 August 2004.

(5) A summary judgment proceeding would narrow and perhaps eliminate the issues for trial.

(6) Defendant therefore seeks relief from paragraph 4 of the March 2004 Pretrial Order, and seeks to file such Motion for Summary Judgment after the "closure date" of 15 May 2004, set forth in the Order.

28

7) Plaintiff filed for a Continuance and was denied by this court

8) Plaintiff again fied for a reconsideration of the Motion for a continuance due to the Former Counsel of Plaintiff's inability to confer with her pertaing to the settlement of this case, and also to alll discoveries that should have been done , as per Paragraph 4 of the March 2004 Pre-Trial Order and was denied.

9) Former Counsel for Plaintiff never , ever contacted Plaintiff about any other procedures or actions in this case, until Counsel withdrew without any consultation with Plaintiff, also, this Court never confer with Plaintiff and Former Counsel about his withdrawal. Because of Plaintiff's former Counsel withdrawal and lack of knowledge about this case proceedings to Plaintiff, left Plaintiff in a vacuum, that Plaintiff requested the contuances in this case, which were all denied by this court.

10) Plaintiff filed an appeal to the Order of denial of her Motion for a continuance, but was voluntarily withdrew due to the interloctory nature of the order, not being a final order from this Court.

11) During the Jury empanelment on February 15, 2005, This Court set the Trial Date to April 4, 2005, The Jury was picked and this case was set for Trial, Subsequently, after, this Court immediately informed the Parties of a Trial set for February 28, 2005 dated February17, 2005.

12.) Plaintiff, again filed a motion for a Trial date change due to bereavements of her two Aunts passing away, and buriels for New Jersey and Maryland respectively on February 19th and 26th, 27th, 2005.

13) This Court again denied Plaintiff's Motion. m February 25th 05

14.) The Case was set for Trial on February 28, 2005, and all parties and the jury were all present. Plaintiff could not speak too well due to illness in her voice, therefore, the case was rescheduled, pending Plaintiff's medical certificate To be presented to this court before 5PM, 2-28-05. Plaintiff did provide the medical certificate at about 4:30 Pm on 2-28-05. for three days medical excuse, from 2-28-05 to 3-3-05.

15) This case is already before the Jury, and need to go futher on.

16) Defendants are not entitle to the Motion for Summary Judgment, after the closure date" of 15 May 2004, set forth in the Pre-trial Order of March 04.

17) Defendants are not entitle to seek relief from Paragraph 8 of the March 2004 Pre-Trial order, A Pre-Settlement Agreement has already been denied by Defendants

18.) This case is already before the Jury, and it needs to continue before the jury. At the end of the Parties's resting during the Trial, then both parties can filed for summary judgement, in both favor, depending on the issues to be tiied by the jury.

18A. Defendants have already Refused to accept Plaintiff's offer and have agreed for a trial. Let the Trial Continue & let Justice be served.

19) This case is not for a Summary Judgment, this case has material relevant facts needed to be decided by the jury for discrimination against the disable (Plaintiff)

20) A Summary Judgement proceeding would not narrow and perhaps eliminate the issues for Trial, because these are only but three to five issues supposedly to be tried by the jury, and those issues can only be answered by the jury and not by Relief of Motion by SUMMARY JUDGMENT, AS THE DEFENDANTS CLAIMED.

21.) THIS CASE NEEDS TO GO BACK TO THE JURY FOR A RESOLUTION.

22. Plaintiff will be prejudice, if such requests by the Defendants is granted, when Plaintiff never had the opportunity to seek rel- f by this Court.

23. Defendants are not entitle to this Motion for Summary Judgement, after the closure date of the Pre-Trial Order of March 2004, and the case is already before the Jurry to be decided on the merits of this case.

24) Defendants had enough time to File a motion for Summary Judgement On or before the Expiration Date of may 04 on the March 04 Pretrial order, Paragraphs 4 and 8.

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT DENIED DEFENDANTS" MOTION FOR Relief to File Motion SUMMARY JUDGMENT, AND LET THE CASE CONTINUE BEFORE THE JURY ON FRIDAY, MARCH 4, 2005, FOR FAIRNESS AND JUSTICE TO BE SERVED.

DATED MARCH 3. 2005.

Respectfully submitted,

[signature]

NELLIE S. FRANCIS
16 Miller Avenue,
Providence, Rhode Island 02905
(401) 461-2918

## CERTIFICATION

I hereby certify that I mailed a copy of the within Motion by U.S. mail, postage prepaid. to Ms. Sara Rapport, Sr. Legal Counsel, Providence City, 275 Westminster Street, Provvidence R;I. 02903 on March 3, 20005.

[signature]

NELLIE S. FRANCIS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Nellie Frances,
Plaintiff

vs. CIVIL ACTION NO. CA04-4T

Providence School Board,
Defendant

PRETRIAL ORDER - JURY CASE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Closure Date. Discovery in this case shall be closed as of 5/15/04 unless otherwise ordered by the Court. Said date, or such other date as the Court may subsequently specify, shall be referred to as the "Closure Date."

2. Time for Discovery. On or before the Closure Date, all interrogatories and requests for production must be served, and all depositions and other discovery must be completed. No discovery may be conducted after the Closure Date except by agreement of all counsel or by order of the Court. A motion for such an order shall identify the particular discovery sought, the reasons it is necessary, and the reasons why it was not done prior to the Closure Date. Nothing contained in this order shall excuse a party from its continuing obligation, under the Rules, to update responses to discovery or to respond to discovery requests made before the Closure Date.

3. Expert Witnesses. Any party intending to utilize the testimony of an expert witness shall, upon request, disclose the identity of such witness promptly. If the expert is retained subsequent to such request, disclosure shall be made immediately after retention and before the Closure Date. Any such witness not so disclosed may be barred from testifying unless the Court otherwise directs for good cause shown.

4. Time for Motions. All motions, including motions to amend pleadings, motions for leave to file counterclaims, cross claims or third party complaints, motions to add parties, motions for summary judgment, motions for judgment on the pleadings, and motions to dismiss, shall be filed promptly after counsel discovers, or should have discovered, the basis for such motions. No motion, other than a motion to modify this Order or a motion to compel compliance with a discovery request made prior to the Closure Date, may be filed after the Closure Date.

5. Permitted and Required Memoranda. Every motion and every objection to a motion shall be accompanied by a supporting memorandum. In addition, within 10 days after an objection is filed, the proponent of the motion may file a reply memorandum.

No other memoranda, supplemental memoranda, or reply memoranda shall be filed in support of or in opposition to a motion nor shall any memorandum or other document relating to a motion be filed after a hearing date has been set for the motion unless the Court otherwise orders for good cause shown.

Motions and memoranda also shall comply with any additional requirements set forth in the Local Rules.

7. Page Limits. Unless permitted by the Court, for good cause shown, memoranda in support of and memoranda in opposition to any motion shall not exceed 20 pages and reply memoranda shall not exceed 5 pages. Appendices and/or exhibits attached to or filed with any motion or memorandum shall not exceed a total of 10 pages in the aggregate with the following exceptions:

A. In the case of motions for summary judgment and motions in opposition thereto, an additional statement of undisputed facts may be filed which shall not exceed 10 pages.

B. In the case of bankruptcy appeals, social security appeals, other administrative appeals, and suits brought for the alleged denial of ERISA benefits, counsel may submit the administrative record or such portion thereof as is relevant to deciding the issues presented.

8. Prerequisites to Filing Motions for Summary Judgment.

No motion for summary judgment may be filed until counsel proposing to file such motion has, first, conferred with the Court and other counsel for the purpose of discussing the need for and the utility of the proposed motion. The matters that counsel should be prepared to address at that conference shall include: the nature of the proposed motion; the "undisputed" facts upon

which it is based; how many of the counts and/or issues the motion would resolve; whether and to what extent the non-moving party contests the motion and the "undisputed" facts asserted and whether the matters in question can be resolved more simply, less expensively and more expeditiously through a trial. Prior to requesting such a conference, counsel for the proponent shall inform opposing counsel of the nature of the proposed motion and the "undisputed" facts upon which it is based. Counsel for the opponents shall inform counsel for the proponent whether, and to what extent, they oppose the motion and dispute the "facts" upon which the motion is based. Such discussion shall be initiated by counsel that proposes to file the motion who, by requesting a conference, will certify that he or she has complied with the provisions of this paragraph.

9. Addition of Parties. If any party is added to the case after the date of this Order, it shall be the duty of counsel responsible for adding such party to promptly serve a copy of this Order upon such party or its counsel. This Order shall be binding upon such party unless subsequently modified by the Court, at the request of such party, or, otherwise.

10. Duty to Confer. Within 20 days after the Closure Date, counsel for all parties shall confer and make a diligent, good faith effort to settle the case. Such effort shall include the presentation of a demand by each claimant of the terms it would accept in satisfaction of its claim and the presentation of an