**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NELLIE FRANCIS

v. CA 04-04T

PROVIDENCE SCHOOL BOARD

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY PROVIDENCE SCHOOL BOARD**

1. Nellie Francis began teaching high school biology for the Department in November 1995. (Affidavit of Donald W. Zimmerman [hereafter "Zimmerman Aff."] at ¶ 4).

2. In October 1998, Ms. Francis injured her arm while at work. She claimed to have aggravated this injury on October 7, 1998, and was later diagnosed with various shoulder and back conditions. She stopped working as a result of these conditions on October 7, 1998. (Zimmerman Aff. at ¶¶ 5 & 6).

3. Ms. Francis did not resume employment for nearly four years, until late August 2002. During her absence, the Department retained a position for her at Central High School. (Zimmerman Aff. at ¶ 7).

4. In April 2002, prior to returning to work, Ms. Francis submitted an "Accommodation Request Form" dated 5 April 2002. On it, Ms. Francis wrote: "I have a cervical & neck injuries. I cannot bend stoop or stand for a long time. I need someone to help if in need of bending, stooping, or reaching as high above my shoulders. No lifting over 50 lbs." (Zimmerman Aff. at ¶ 9 & Exhibit 1).

33

5. By letter dated 29 May 2002, the Director of the Office of Equity and Access at the Department, Jose M. Gonzalez, advised Ms. Francis that the Accommodation Committee had met and reviewed her request for an accommodation. He explained that the Committee had rejected her requests, referenced in a "doctor's note" in the possession of the Department, to limit her work duties to six hours per day and to grant her a teacher assistant. He also noted that Ms. Francis was not "medically cleared to return to work," because she had applied for a state disability and had submitted medical documentation asserting that she was "unable to perform the essential duties and responsibilities needed as a teacher." (Zimmerman Aff. at ¶ 10 & Exhibit 2).

6. By letter dated 4 June 2002, and purportedly signed by physician Christopher F. Huntington, Ms. Francis was "cleared" to resume work with the following restrictions: "no lifting over 10 pounds, no bending and no prolonged sitting as specified on 11/13/01 previously. She should be allowed to arrive at work approximately 30 minutes after the initial opening time. She should, however, be able to leave at her regular end-of-day time. She should be provided an assistant whenever any lifting or bending will be required." (Zimmerman Aff. at ¶ 11; DeCarlo Aff. at ¶ 4 & Exhibit A).

7. By letter dated 2 July 2002, Mr. Gonzalez rejected Ms. Francis's so-called requests for accommodation, but advised that if she needed assistance in lifting materials, she should contact the main office in her school for a custodian to help her. (Zimmerman Aff. at ¶ 12 & Exhibit 3).

8. By letter dated 22 October 2002, Mr. Gonzalez reiterated the points made in the prior letter, adding that the Department had "no policies or restrictions that prohibit[ed] [Ms. Francis] from teaching while sitting or standing." Mr. Gonzalez specifically repeated that the principal

would have someone available to assist Ms. Francis "in moving any objects weighing more than 10 lbs." (Zimmerman Aff. at ¶ 13 & Exhibit 4).

9. Ms. Francis returned to work at Central High School on August 26, 2002. (Zimmerman Aff. at ¶ 14).

10. On March 5, 2003, Ms. Francis was placed on administrative leave for disciplinary reasons related to her interactions with a student. (Zimmerman Aff. at ¶ 15).

11. By letter dated 20 August 2003, Donald W. Zimmerman, Senior Executive Director of Human Resources for the Department, directed Ms. Francis, *inter alia*, to return to work on September 11, 2003. (Zimmerman Aff. at ¶ 16 & Exhibit 5).

12. Ms. Francis did not return to work. (Zimmerman Aff. at ¶ 17).

13. Mr. Zimmerman sent Ms. Francis a letter dated 29 April 2004, directing her once again to report to work. The date by which she was to report was May 10, 2004. Ms. Francis objected to such directive, and Mr. Zimmerman sent her another letter reinforcing that she must return to work by May 10. (Zimmerman Aff. at ¶¶ 18-19 & Exhibits 6 & 7).

14. On May 10, 2004, Ms. Francis appeared at the Harrison Street School, the high school to which she had been assigned; she claimed to be ill, allegedly as a result of taking oxycontin and valium that morning. At 9:40 a.m., she was transported from the school by ambulance to Rhode Island Hospital. (Zimmerman Aff. at ¶ 20).

15. On May 24, 2004, Mr. Zimmerman presented to the Board the recommendation of the Superintendent that Ms. Francis's employment with the Department be terminated because Ms. Francis had persisted in failing/refusing to report for work. (Zimmerman Aff. at ¶ 21 & Exhibit 8).

16. The Board terminated Ms. Francis's employment by decision dated 21 June 2004. (Zimmerman Aff. at ¶ 22 & Exhibit 9).

Respectfully submitted,

Sara A. Rapport # 6184
City of Providence Law Department
275 Westminster Street, Suite 200
Providence, RI 02903
(401) 421-7740, Ext. 385
(401) 351-7596 (Facsimile)

**CERTIFICATION**

I hereby certify that on 17 March 2005, I sent via first-class mail, postage prepaid, a copy of the within Statement of Undisputed Facts with Affidavit of Donald W. Zimmerman & Exhibits to Ms. Nellie Francis at 16 Miller Avenue, Providence, Rhode Island 02905

Sara A. Rapport

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NELLIE FRANCIS

v. CA 04-04T

PROVIDENCE SCHOOL BOARD

**AFFIDAVIT OF DONALD W. ZIMMERMAN IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

I, Donald W. Zimmerman, hereby attest as follows:

(1) I have been employed by the Providence School Department ("Department") since 2002 as the Senior Executive Director of Human Resources.

(2) I have reviewed the personnel files of former employee Nellie Francis.

(3) All facts set forth herein and documents attached hereto are derived from those files. The information recorded was made at or near the time by, or from information transmitted by, a person with knowledge. The information was kept in the course of the regularly conduct business of the School Department; it was the regular practice of the Department to make and keep the records containing such information.

(4) Ms. Nellie Francis began teaching high school biology for the Department in November 1995.

(5) In October 1998, Ms. Francis injured her arm while at work. She claimed to have aggravated this injury on October 7, 1998, and was later diagnosed with various shoulder and back conditions.

(6) Ms. Francis stopped working as a result of these conditions on October 7, 1998.

(7) Ms. Francis did not resume employment for nearly four years, until late August 2002.

(8) During Ms. Francis's absence, the Department retained a position for her at Central High School.

(9) In April 2002, prior to returning to work, Ms. Francis submitted an "Accommodation Request Form," dated 5 April 2002, and attached hereto as Exhibit 1.

(10) The Department responded with the letter dated 29 May 2002, attached hereto as Exhibit 2.

(11) The Department received a letter on behalf of Ms. Francis dated 4 June 2002, attached to the Affidavit of Debra DeCarlo as Exhibit A.

(12) The Department responded with a letter dated 2 July 2002, attached hereto as Exhibit 3.

(13) The Department sent Ms. Francis another letter, dated 22 October 2002, attached hereto as Exhibit 4.

(14) Ms. Francis returned to work at Central High School on August 26, 2002.

(15) On March 5, 2003, Ms. Francis was placed on administrative leave for disciplinary reasons related to her interactions with a student.

(16) By letter dated 20 August 2003, attached hereto as Exhibit 5, I directed Ms. Francis to return to work on September 11, 2003.

(17) Ms. Francis did not return to work.

(18) By letter dated 29 April 2004, I sent Ms. Francis another letter, attached hereto as Exhibit 6, directing her once again to report to work. She was to report by May 10, 2004.

(19) Ms. Francis objected in writing to my directive; I sent her another letter, dated 4 May 2004, and attached here as Exhibit 7, reinforcing that she must return to work by May 10.

(20) On May 10, 2004, Ms. Francis appeared at the Harrison Street School, the high school to which she had been assigned. She claimed to be ill, allegedly as a result of taking oxycontin and valium that morning. At 9:40 a.m., she was transported from the school by ambulance to Rhode Island Hospital.

(21) On May 24, 2004, I presented to the Board the recommendation of the Superintendent that Ms. Francis's employment with the Department be terminated because she had persisted in failing/refusing to report for work. By letter dated 18 May 2004, and attached hereto as Exhibit 8, I notified Ms. Francis that I would be making such recommendation.

(22) The Board terminated Ms. Francis's employment by decision dated 21 June 2004, attached hereto as Exhibit 9.

(23) Exhibits 10 & 11, attached hereto, are of relevance to this action. Exhibit 10 is a note, dated 13 November 2001, from Ms. Francis's workers' compensation records. Exhibit 11 includes provisions of the collective bargaining agreement with the Providence Teachers' Union applicable in 2002-2003.

(24) I swear under the pains and penalties of perjury that the foregoing statement is true and correct to the best of my memory, knowledge, information, and belief.

Dated: 15th March 2005

Donald W. Zimmerman
Senior Executive Director Human Resources
Providence School Department

3-15-05
Dennis Sedoti (Dennis Sidoti)
commission expires 1-15-09
county of Providence

①

# PROVIDENCE SCHOOL DEPARTMENT
# EMPLOYEES

**REFERRAL**

**Section 504/American Disability Act**
**Accommodation Request Form**

**DATE:** 4-5-02

**A. ORIGINATING DATA**

**NAME:** Nellie S. Francis **SS#** 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

**ADDRESS:** 16 Miller Ave, Prov RI 02905 **WORK** Central High Sch

**TELEPHONE (H)** 461-2918 **(W)** 456-9100 **ASSIGNMENT** Biology/ Hendley Voc.

**B. STATEMENT OF THE PRESENTING ISSUE (Be specific as to how your condition is affecting your work)** I have a Cervical & Neck Injuries. I Can not Bend, Stoops or Stand For a Long time. I need Some one to help instead of Bending, Stooping or Reaching as high above my shoulders. No lifting over 10 lbs.

**C. SUPPORTING DATA: (attach all documents submitted by your physician)** Already in possession of Prov. Sch. Dept.

**D. MEDICAL/HEALTH PROFESSIONALS DATA**
**Name of health provider:** Dr. Huntington, Dr. Gelted & Dr. Lee
**Address:**
**Telephone:** 272-9500, R.I Hosp 726-.
**Fax:** Pls see my medical Records already in Prov. Sch. Dept. possession.

**E. MEDICAL RELEASE**
**I hereby release to the Office of Equity and Access at the Providence School Department, all information concerning my medical condition, only as it relates to my request for an Accommodation. I understand that this form will be utilized only to assist the Providence School Department solely for that purpose.**

**Employees Signature** [signature] **Date** 4-5-02

(2)

VINCENT A. CIANCI, JR.
*Mayor*

DIANA LAM
*Superintendent*

JOSE M. GONZALEZ, ED. D.
*Director*

Providence Schools
OUR SCHOOLS. OUR FUTURE.

OFFICE OF EQUITY AND ACCESS

COPY

May 29, 2002

Nellie S. Francis
16 Miller Avenue
Providence, RI 02905

Dear Ms. Francis:

The Adult 504/ADA Accommodation Committee met on May 23, 2002 and reviewed your request for an accommodation. Based on the information provided, the committee reached a conclusion.

According to the information reviewed by the committee, you have applied for a State Disability claim. Based on the medical documentation, it is clear that you are unable to perform the essential duties and responsibilities needed as a teacher. The committee is unable to grant your request (per Doctor's note) to limit your work duties to 6 hours per day. We also cannot grant you a Teacher Assistant.

Once you are medically cleared to return to work, please let us know if you will need an accommodation.

If you have any questions about these arrangements, please feel free to contact me.

Sincerely,

José M. Gonzalez, Ed. D.
Director

JMG/im

C: Office of Human Resources



The Providence School Department does not discriminate on the basis of age, sex, sexual orientation, religion, national origin, color or disability in accordance with applicable laws and regulations.
MISSION: Students of all ages in the diverse cultural mosaic of the Providence community will be enthusiastic, life-long learners, workers, and citizens, each with marketable skills achieved relative to his or her ability. These outcomes will manifest themselves in a nurturing environment driven by excellence in educational opportunity.

(3)

VINCENT A. CIANCI, JR.
*Mayor*

DIANA LAM
*Superintendent*

JOSE M. GONZALEZ, ED. D.
*Director*

Providence Schools
OUR SCHOOLS. OUR FUTURE.

OFFICE OF EQUITY AND ACCESS

COPY

July 2, 2002

Nellie Francis
16 Miller Avenue
Providence, RI 02905

Dear Nellie:

The Adult Accommodations Committee (504) met on June 27, 2002 and reviewed your request. As a result of this meeting and review we have decided that we are unable to approve your request.

Based on the information we received, the committee felt they could not provide you with the accommodations requested because we are unable to alter your work schedule and reduce the number of hours you are contractually expected to work. Furthermore, we cannot exempt you for performing the essential duties and responsibilities required of your position. Should you need assistance lifting materials once you return to work, please contact the main office for a custodian to assist you.

If you have any questions, please feel free to call me.

Sincerely,

José M. Gonzalez, Ed. D.
Director

JMG/im

C: Office of Human Resources



The Providence School Department does not discriminate on the basis of age, sex, sexual orientation, religion, national origin, color or disability in accordance with applicable laws and regulations.
MISSION: Students of all ages in the diverse cultural mosaic of the Providence community will be enthusiastic, life-long learners, workers, and citizens, each with marketable skills achieved relative to his or her ability. These outcomes will manifest themselves in a nurturing environment driven by excellence in educational opportunity.

JOHN LOMBARDI
*Interim Mayor*

MELODY JOHNSON, PH.D.
*Superintendent*

JOSÉ M. GONZÁLEZ, ED.D.
*Director*

(4)

Providence Schools
OUR SCHOOLS. OUR FUTURE.
OFFICE OF EQUITY AND ACCESS

October 22, 2002

Nellie Francis Groom
16 Miller Avenue
Providence, RI 02905

Dear Ms Francis:

The Adult Accommodations Committee (504) met on October 4, 2002 and reviewed your request. As a result of this meeting and review we have decided to take the following actions on your request:

No accommodation needs to be made on the school department's behalf. The Principal has however agreed to have someone assist you when needed in moving any objects weighing more than 10 lbs.

As for the doctor's note regarding standing and sitting, we felt that is arbitrarily felt up to your discretion. We have no policies or restrictions that you prohibit you from teaching while sitting or standing.

Based on the information we received, the committee felt they could not provide you with any other accommodations.

If you have any questions, please feel free to call Mr. Don Zimmerman at the Office of Human Resources.

Sincerely,

José M. González, Ed. D.
Director

JMG/im

C: Office of Human Resources



The Providence School Department does not discriminate on the basis of age, sex, sexual orientation, religion, national origin, color or disability in accordance with applicable laws and regulations.

3

DAVID N. CICILLINE
*Mayor*

MELODY A. JOHNSON, PH.D.
*Superintendent*

DONALD W. ZIMMERMAN
Senior Executive Director of Human Resources

Providence Schools
OUR SCHOOLS. OUR FUTURE.

**OFFICE OF HUMAN RESOURCES**

August 20, 2003

Ms. Nellie S. Francis
16 Miller Avenue
Providence, Rhode Island 02905

Dear Ms. Francis:

Please be advised that the 10-day suspension imposed by the Providence School Board will be imposed beginning on Wednesday, August 27, 2003 and continuing up to and including Wednesday, September 10, 2003.

You should attend the orientation and professional development programs on August 25 and 26 at Harrison Street School and return to work following your suspension on Thursday, September 11, 2003.

Sincerely,

Donald W. Zimmerman
Senior Executive Director
Human Resources

DWZ:map
C: Dr. Melody Johnson
Dr. Cheryl King
Mr. John Short
Mr. Wobberson Torchon
John DeSimone, Esquire



The Providence School Department does not discriminate on the basis of age, sex, sexual orientation, religion, national origin, color or disability in accordance with applicable laws and regulations.
MISSION: Students of all ages in the diverse cultural mosaic of the Providence Community will be enthusiastic, life-long learners, workers and citizens, each with marketable skills achieved relative to his or her ability.
These outcomes will manifest themselves in a nurturing environment driven by excellence in educational opportunity

DAVID N. CICILLINE
*Mayor*

MELODY A. JOHNSON, PH.D.
*Superintendent*

Providence Schools
OUR SCHOOLS. OUR FUTURE.

DONALD W. ZIMMERMAN
*Senior Executive Director*

GAIL B. HARELD
*Human Resources Administrator*

(6)

OFFICE OF HUMAN RESOURCES

April 29, 2004

Ms. Nellie S. Francis
16 Miller Avenue
Providence, RI 02905

Dear Ms. Francis:

This letter is to inform you that you are to report to work as a biology teacher at Harrison Street School on Monday, May 10, 2004. Failure to do so will result in a recommendation to the School Board to terminate your employment for abandoning your job. Please report to Mr. Wobberson Torchon, Principal at Harrison Street, at 8:15 a.m. on May 10th.

Thank you.

Sincerely,

Donald W. Zimmerman
Senior Executive Director
Office of Human Resources

RECEIVED
MAY 3 2004
LAW DEPARTMENT

DWZ:jd

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

c: Wobberson Torchon
David Andrews
Paul Vorro

797 Westminster Street • Providence • Rhode Island • 02903-4045 • 401-456-9100 • 401-456-9284 Fax

An Equal Opportunity Employer. The Providence School Department does not discriminate on the basis of race, age, sex, religion, sexual orientation, gender identity or expression, national origin, color, disability or veteran status. The district's mission is to enable every student to discover and develop his or her unique talents and to ensure that each student achieves high standards through the provision of a rigorous and challenging common core curriculum, strong parental and public support and engagement in the educational process, and robust recruitment and retention of the highest quality workforce, by providing leadership, professional development, support and inspiration to all employees.

DAVID N. CICILLINE
*Mayor*

MELODY A. JOHNSON, PH.D.
*Superintendent*

DONALD W. ZIMMERMAN
*Senior Executive Director of Human Resources*

Providence Schools
OUR SCHOOLS. OUR FUTURE

OFFICE OF HUMAN RESOURCES

(1)

RECEIVED
MAY 5 2004
LA

May 4, 2004

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Ms. Nellie Francis
16 Miller Avenue
Providence, Rhode Island 02905

Dear Ms. Francis:

I am in receipt of your letter dated April 30, 2004 responding to my letter of April 29, 2004 directing that you return to work.

You have been out of work since March 2003. My understanding is that you were granted workers' compensation benefits for a closed period of time, until August 2003. You were cleared for a return to work at that time, but did not, allegedly because you were suffering from a new condition of stress related to the so-called sexual harassment incident(s) at Central High School.

I have consulted with the Department's legal counsel who advises me as follows:

- Your claims from 1998 and 2003 for alleged physical injuries and stress-related illness respectively, were denied at the pretrial level and are highly likely to be denied by the trial court.
- Your physician, Dr. Christopher Huntington, has cleared you for return to work as a biology teacher, as recently as April 30, 2004.

The Department has made clear, through an offer to your former counsel, Kenneth Haupt, that it invited you to return to work on date certain, subject to the same terms and conditions of employment as all other teachers at the school, with the following two exceptions:

a. You would be afforded a parking space within reasonably close proximity to the school, to minimize the distance you must walk from your car to the school; and
b. You would be provided with a secure desk or drawer in her room to be used to store the teaching texts and other documents that you regularly consult and rely upon to perform your job.



An Equal Opportunity Employer. The Providence School Department does not discriminate on the basis of race, age, sex, religion, sexual orientation, gender identity or expression, national origin, color, disability or veteran status. The district's mission is to enable every student to discover and develop his or her unique talents and to ensure that each student achieves high standards through the provision of a rigorous and challenging common core curriculum, strong parental and public support and engagement in the educational process, and robust recruitment and retention of the highest quality workforce, by providing leadership, professional development, support and inspiration to all employees.

Your work as a biology teacher is completely compatible with the limited restrictions described under oath by Dr. Huntington on April 30, 2004. Therefore, I reiterate: if you fail to report to work as directed on Monday, May 10, 2004, the Department will recommend that you be terminated for job abandonment as set forth in my letter of April 29th.

Sincerely,

Donald W. Zimmerman
Senior Executive Director
Human Resources

DWZ:map

C: Dr. Melody Johnson
Dr. Cheryl King
Mr. David Andrews
Mr. Wobberson Torchon
Mr. Steven Smith
Mr. Paul Vorro
Sara Rapport, Esq. ✓

(8)

DAVID N. CICILLINE
*Mayor*

MELODY A. JOHNSON, PH.D.
*Superintendent*

DONALD W. ZIMMERMAN
*Senior Executive Director of Human Resources*

Providence Schools
OUR SCHOOLS. OUR FUTURE

OFFICE OF HUMAN RESOURCES

RECEIVED
MAY 19 2004
LAW DEPT.

May 18, 2004

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Ms. Nellie Francis
16 Miller Avenue
Providence, Rhode Island 02905

Dear Ms. Francis:

On May 24, 2004 I will recommend to the Providence School Board that your employment with the Providence School District be terminated. The meeting will be held at 5:30 P.M. in the School Board meeting room on the third floor of the Dr. Robert F. Roberti Administration Building, 797 Westminster Street, Providence.

The reason for the recommendation is that you abandoned your job by failing to work on May 10, 2004, as instructed, and by failing to work and failing to call and report since May 11, 2004.

This is not an evidentiary hearing, but you have the right to attend and to be represented by counsel, and you or your attorney may speak on your behalf. This recommendation is scheduled to be heard in a private session of the Board, but you may request that the recommendation be heard at a public meeting. If you wish to have the recommendation heard in a public session, please contact me in writing by 4 P.M. Thursday, May 20, 2004.

Sincerely,

Donald W. Zimmerman
Senior Executive Director
Human Resources

DWZ:map
C: Dr. Melody Johnson
Dr. Cheryl King
Mr. David Andrews
Mr. Steven Smith
Mr. Paul Vorro
Sara Rapport, Esq.✓

797 Westminster Street • Providence • Rhode Island • 02903-4045 • 401. 401.456.9100 • Fax 401.456.9284

An Equal Opportunity Employer. The Providence School Department does not discriminate on the basis of race, age, sex, religion, sexual orientation, gender identity or expression, national origin, color, disability or veteran status. The district's mission is to enable every student to discover and develop his or her unique talents and to ensure that each student achieves high standards through the provision of a rigorous and challenging common core curriculum, strong parental and public support and engagement in the educational process, and robust recruitment and retention of the highest quality workforce, by providing leadership, professional development, support and inspiration to all employees.

Mary E. McClure
*President*
Milton Hamolsky, MD
*Vice President*
Adeola Oredola
*Secretary*
Dilania Inoa
Leonard L. Lopes
Makna Men
Mr. Robert Wise
Ms. Grace Gonzalez
Mr. Malla Touray
Dr. Gene Burns
*School Board Emeritus*

Providence Schools

OUR SCHOOLS. OUR FUTURE.

DAVID N. CICILLINE
*Mayor*

MELODY JOHNSON, PH.D.
*Superintendent*

(9)

**PROVIDENCE SCHOOL BOARD**

RECEIVED
JUN 23 2004
LAW DEPARTMENT

June 21, 2004

## DECISION OF THE PROVIDENCE SCHOOL BOARD

On May 24, 2004 the Providence School Board heard, in Executive Session, a recommendation from Superintendent Melody A. Johnson to terminate the employment of Ms. Nellie Francis from her position as a teacher for good and just cause pursuant to Rhode Island General Laws 16-13. After hearing the recommendation and a response from counsel for Ms. Francis, the Board voted unanimously to affirm the recommendation of the Superintendent and Ms. Francis' employment was terminated, effective May 25, 2004.

The School Board's decision was based on its conclusion that Ms. Francis has abandoned her job by failing to return to work as instructed by May 10, 2004.

Providence School Board

Mary E McClure

Mary McClure
President

MM:map
C: Dr. Melody Johnson
Dr. Cheryl King
Mr. Donald Zimmerman
Mr. Steven Smith
Mr. Paul Vorro
John J. DeSimone, Esq.
Sara Rapport, Esq. ✓
Personnel File

# THE ORTHOPAEDIC INSTITUTE, INC.

(10)

Attn: Annette

Christopher F. Huntington, MD
Orthopaedic Surgery

## TO WHOM IT MAY CONCERN:

**DATE:** 11/13/01

**NAME:** Nellie Francis

The above-named patient is under the care of Dr. Christopher F. Huntington with the diagnosis of:

**DIAGNOSIS:** Cervical Spinal Stenosis

OFFICE OF HUMAN RESOURCES
01 NOV 14 AM 9:29

**They are prohibited from:**

- ☐ Work
- ☐ Gym/Contact sports

**May return to work/school/gym/sports:** – may return 11-26-01

- ☐ Full duty/Unlimited activity
- ☒ Limited duty/Activity:________Duty: NO lifting over ___lbs., ___________

no lifting over 10 lbs. no Bending, no prolonged sitting

6 hrs a day max.
teachers aide should be availible

**This restriction is made until:**

- ☐ ____weeks or __/__/__
- ☐ Until seen again in the office
- ☐ Indefinitely

Signed: [signature]
Christopher F. Huntington, MD

955 Chalkstone Avenue, Providence, Rhode Island 02908
Telephone 401.272.9500 Fax 401.272.9540

(11)

September 1, 2001 - August 31, 2004

# AGREEMENT

Between the

Providence Teachers Union, AFT Local 958

and the

Providence School Board

PROVIDENCE TEACHERS UNION AFT

AFL • CIO

**8-2 Lunch Period**

**8-2.1** Teachers shall be free to leave the school during their lunch period upon notification to the office.

**8-2.2** The following schedules shall be implemented without extending the school day:

**Elementary and Middle Schools:**

Teachers shall have a thirty (30) minute lunch period free of supervisory and administrative duties.

**Senior High Schools:**

Teachers shall have a lunch period free of supervisory and administrative duties that shall be no less than currently established, exclusive of passing time, and no more than thirty (30) minutes inclusive of passing time.

**8-3 Relief from Non-Teaching Tasks**

**8-3.1** The parties agree that the responsibility of a teacher is to teach. Paraprofessionals, aides, assistants or helpers employed by the Board must meet minimum educational and in-service training requirements established by the administration, and shall be utilized to relieve teachers of non-teaching tasks. The parties agree to continue the current practice with reference to the collection of money.

**8-3.2 Data Processing**

The School Board will use technology to enhance the operation of the District and it is committed to continuing and expanding the use of technology throughout the system.

**8-3.3** Teachers shall not be required to perform custodial duties, including, but not by way of limitation, emptying trash, dusting erasers, washing boards or dusting equipment in the classroom, or transporting furniture or equipment outside the classroom, or carrying sets of books or bulk supplies outside the classroom or cleaning school property.

**8-4 Unassigned Periods**
Teachers shall have unassigned periods as follows:

**8-4.1 Elementary Schools:**
Teachers shall have at least one (1) thirty (30) minute unassigned period per day, except that a teacher may agree to a schedule which contains five (5) unassigned periods per week over four (4) days.

**8-4.2 Middle Schools and High Schools:**
Teachers shall have one (1) unassigned period per day, except that a teacher may be programmed unassigned periods totaling five (5) unassigned periods per week over four (4) days if scheduling problems make it impossible to provide a teacher with one (1) unassigned period per day.

**8-4.3** When another teacher is in charge of a teacher's class, the regular teacher is free to leave the room.

**8-4.4** Teachers are free to leave the building during their unassigned periods upon notification to the office.

**8-4.5** Teachers who are elected members of the Rhode Island General Assembly shall have their unassigned periods scheduled during the last period(s) of the school day and shall be allowed to attend the General Assembly sessions during said unassigned time.

**8-4.6** In the event that it is necessary to establish one or more additional teaching periods in a department certification area in a school an exception will be made to Article 8-7 and Article 13-1.3 provided that:

1. No later than March 1 teachers shall be provided with a list of all courses to be offered to students