1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NELLIE FRANCIS

CA 04-04T

v.

PROVIDENCE SCHOOL BOARD

## PLAINTIFF'S STATEMENT OF DISPUTED FACTS

1. The typical procedure used by the Providence School Department for Granting Reasonable Accommondation is not the same for each candidate. This will be evident from facts described throughout the Statement of Disputed Facts.

2. That I am a Qualified and Certified Biology Teacher, who has been teaching for Defendants in November of 94 (Affidavit of Plaintiff(Hereafter, "Plt.)

3. On October 1998, I was injured by Students at work, injuring : and aggravated my injury again on October 7, 1998 at work, two days after I was injured on October 5, 1998.
Diagnosis
CERVICAL SPINAL STENOSIS RHOMBOID MYOFACIAL WITH CERVICAL DISC HERNIATION WITH ROOT AND CORD COMPRESSION. (Plt. Aff @ 5 & Exhibit 1A, 2 9A

4. In April 2002, prior to returning to work, my application submitted for an "Accommodation was rejected by Defendants. (Plaintiff's Aff. at 7 & Exhibit" ")

5. Letter dated June 4, 2002, signed by Dr. Huntington, clearing me to work with the following restrictions: which was amended and followed up by a Medical excuse dated August 22, 2002, which was accepted by Defendants and also performed by plaintiff with the required functions of her position. Exhibit 2.

6. After receiving the letter of July 2, 2002, they rejected my application of a Reasonable Accommodation, Defendants refused to afford me the Reasonable accommodation (Plaintiffs Aff. @ 41 and Exhibit " ")

7. After receipt of letter dated October 22, 2002, Defendants again refused and did not afford me the Reasonable Accommodation.

8. Plaintiff, Francis returned to work at Central High School on September 26, 2002. (Plaintiff Aff. @ 12 & Exhibit "3")

8A That the illegal Termination of my Employment with Defendants went before the Providence School Board on April 4, 2005 for the final hearing/determination of my employment, If denied, My Counsel is going to file an Appeal to the Rhode Island Education Board of Regents, and after hearing, and If denied, My Counsel is going to file a illegal, and Discrimnatory Termination of Employment against the Defendants in State or Federal Court.

8B That I am presently treating with my Doctors, and Psychiatric Counsellor, Dr. Huntington, Dr. Paolino-Psychiatric -for Emotional Distress and Physical Injuries-Dr. Huntington. Exhibits: 2, 9, 9A & 15B 14A & 15F 48

9. By letter dated August 2- 2003, a response to Mr. Zimmerman's letter to return to work on September 11, 2003. (Plaintiff's Aff @ 29 & Exhibit "4")

10. Plaintiff, Francis did not return to work due to Medical Excuse of Plaintiffs Emotional Stress Work-Related, complaint with the R.I. Workers Compensation Court. (Plaintiff's Aff. @ 9 & Exhibit 4 )

11. Plaintiff Francis response to Mr. Zimmerman's letter of April 29, 2004 in stating that I was on a medical leave and could not go to work against my Doctor's advise (plaintiff Aff @ 34 &Exhibit 5A

12. Plaintiff despite that she was ill and not medically excused to go to work, did appeared to work at the Harrison Street School on May 10, and was ill at work, and taken by Ambulance to the R.I. Hospital emergency room. (Plaintiff Aff. @ 32 &Exhibit "10") and Hospitalized from May 10 to May 14, 2004 and Continued to treatment to May 20, 2004

13. Defendants refused to grant a back support requested by Plaintiff, whereas, defendants granted a back

Support to other Teachers as well as others. Defendants again refused to grant Plaintiff a High Back

Support Chair to be used in my class room, Whereas, Defendants did grant same for other Teachers as well

others. Please see Exhibit " 7

14. THAT DEFENDANTS WERE NOT PREPARED NOR READY TO ACCEPT ME IN THE CLASS ROOM ON MAY 10, 2004, BECAUSE THERE WAS NO TEACHING MATERIALS IN THE CLASS ROOM, NO OVER HEAD, NO LOCKED CUPBOARDS, NO TEACHERS EDITION, AND NO TEACHING MATERIALS TO MEET THE STANDARDS. (PLAINTIFF'S AFF. @ & EXHIBIT )

15. THAT DEFENDANTS GRANTED A REASONABLE ACCOMMONDATION TO THE FOLLOWNGTEACHERS IN 2001 WHEN AT THE SAME TIME DEFENDANTS DENIED ME A REASONABLE ACCOMMONDATION:(PLAINTIFF'S AFF.@ 39 & EXHIBIT 8 )

16. THAT DEFENDANTS GRANTED A REASONABLE ACCOMMODATION TO THE FOLLOWING TEACHERS IN 2002, WHEN AT THE SAME TIME, DEFENDANTS DENIED ME A REASONABLE ACCOMONDATION.(PLAINTIFF'S AFF. @ & EXHIBIT 8 )

17. THAT DEFENDANTS GRANTED A REASONABLE ACCOMMONDATION TO THE FOLLOWING TEACHERS AS RECENT AS OF 2001 TO THE PRESENT TIME. (PLAINTIFF 'S AFF. @39 & EXHIBIT 8 )
THAT DEFENDANTS GRANTED A REASONABLE ACCOMMONDATION TO OTHER TEACHERS, WHILE DENYING PLAINTIFF A REASONABLE ACCOOMONDATION THE SAME. ALSO, DEFENDANTS GRANTED OTHER EMPLOYEES, OTHER THAN TEACHERS A REASONABLE ACCOMMONDATION AND AT THE SAME TIME DENYING PLAINTIFF A REASONABLE ACCOMMONDATION. (PLAINTIFF'S AFF.@ & EXHIBIT 8 ).

 

18. On May 24, 2004, Defendants already have both of my medical excuses in its possession, I appeared to work, yet Defendants claimed that I did not report to work as was required, and then presented that I be terminated for failure to report to work (Plaintiff Aff. @ 32 & Exhibit 9") 9A

19. On June 21, 2004, the Defendants terminated my employment, despite my appearance to work, on May 10, 2004, my illness at work, resulted my transfer to the hospital by ambulance, and my subsequent hospitalization from May 10, 2004 for four (4) days, and communication from the R.I. Hospital. (Plaintiff aff. @ 33 & Exhibit 10) 6/21/04 Defendants' Decision was appealed. Exhibit 16

20. On 10/26/ 2004, the R. I Unemployment granted benefits for me, after a hearing with both me and the Defendants. The Referee concluded that I DID NOTHING WRONG, AS DEFENDANTS HAVE CLAIMED, and THEREFORE BENEFITS CAN NOT BE DENIED. (Plaintiff Aff. @ 37 & Exhibit" "

21. Defendants encouraged student Garcia who assaulted me to press charges against me. Charges were filed and I went to Court as well as Trial, which I was found not guilty by the Judge. (Plaintiff Aff. @ 21 & Exhibit " 1"1

22. On September 26, 2002, I went to work on time, was not tardy as required by the PTU's Teachers' Agreement. I did worked from September 26, 2002 to March 5th, 2003, without any disciplinary referral for Lateness and tardiness. (Plaintiff Aff. @ 41 &Exhibit " ".

23. On August 22, 2003, a medical excuse was written by Dr. Huntington as an excuse for my returned to work, with a Reasonable Accommodations, of which the Defendants Accepted but did not afford me the relief of a Reasonable Accommodation. I performed my duties, followed straight through the teachers bargaining Agreement, by arriving to work on time. I performed my duties without an Aide, and yet the Defendants did not provide me any Reasonable Accommodation. (Plaintiff aff. @ 44 & Exhibit "3

24. ~~44~~. That the R.I. Unemployment granted benefits for me against the Defendants, due to illegal terminated BY THE DEFENDANTS. THE Rhode Island UN-EPLOYMENT REFEREE DETERMINED THAT I WAS ENTTILED TO BENEFITS, SINCE I DID EVERY THING THAT AN EMPLOYEE WOULD HAVE DONE IN GOOD FAITH. HE FUTHER SATED THAT DEFENDANTS DID NOT PROOF THEIRCASE AGAINST ME BECAUSE THE RECORDS WERE ALL IN MY FAVOR, AND THAT THE DEFENDANT ILLEGALLY TERMINATED ME (PLAINTIFF'S AFF. @ 37 & EXHIBIT '11 ')

25. On March 4, 2003, Plaintiff, Francis was assaulted by a Student, Jonathan Garcia in my Classroom during the sixth (6th) period. The Student Garcia was my first (lst period class student) (plaintiff aff. @11 & Exhibit '13'). A discipline referral was written against student pertaining to the assault by this student. (Plaintiff Aff. @ Exhibit " ") and Administration took NO ACTION ON STUDENT FOR ASSAULTING PLAINTIFF, INSTEAD,

26. ON March 5, 2003, plaintiff Francis was placed on Administrative leave for Alleged disciplinary reasons to an assault on the above student, Garcia. with out in-house investigation (Plaintiff Aff. @ 22 & Exhibit " ")

27 That Defendants granted Lumbar Support High Back Chairs in 2000 for the following Teachers, while denying me the same in 2001: PLEASE SEE EXHIBIT 8

1. Glass, Anita-11/6/2000
2. Madyun, Delores-11/22/99
3. Anas, Jane-11/8/1998

28 That Defenants granted a High Back Support Chair to the Following Teacher two(2) days after Defendants denied me the same on 11/13/2001: PLEASE SEE EXHIBIT 8

1. Matheson, Shelley-11/15/2001

29 That Defendants denied me a Reasonable Accommondation, between 2000 to 2003, granting a Teacher's Assistant , while Defendants have already granted such to Teachers before my denial, and also, two(2) days after my denial of a teachers' Assistant on 11/13/2001 to the following Teachers: EXHIBIT 8

1. Hanley, Mary-11/15/2001
2. Kozma, Cynthia-7-11/2000
3. Landes, Laura-6-2-20000
4. Maldonado, Beatriz-11/23/99
5. Pendleton, Michele-6/1/1999
6. Sheridan, Angela-2/28/1998
7. Tassone, Simmone-9/17/1998

30 That Defendants denied me the used of a Over Head Projector between 2000 to 2003, but granted such to the following Teacher: PLEASE SEE EXHIBIT 8

1. White, Eric-3/28/2000

31 That Defendànts denied me the one and half hour Time in arriving at School on 11/13/2001, but granted such to the following Teacher: PLEASE SEE EXHIBIT 8

1.Cooper, Leslie-4/6/1998- That is Provided a one and half hour break during the middle of the day.

32 That Defendants denied me a Reasonable Accommondation, between 2000 to 2003, but granted such to the following Teachers: PLEASE SEE EXHIBIT 8

1.Cooper, Leslie-4/6/1998
2.Crago, Susan-9/11/2001**
3.Degliangeli, Steven-12/17/2001**
4. deHertogh, Susan-8/30/1999
5. Furma, Gayle-5/13/2003**
6.Lopes-Speaks, Debra-6/15/2000**

7.Madhdesian, Tonya- 4/1999
8.Malardo, Michael-1/22/2002**
9. Mejia Rosa, Maria-10/2/2001**
10.Norman, Arthur-9/15/1999
11. Oliver, Karen-8/28/2000**
12. Ranglin, Valrie-10/29/1999
13. Silvaggio, Dina-12/28/2001**
14. Silver, Eva-3-20-2001**
15.Weisberger, Gail-7/11/2001**
16. Santa, Iadevaia-Granted Air-conditioned Environment & access to an elevator.

NOTE; THE STARS DENOTE THE TIMES IN QUESTION, THAT DEFENDANTS DENIED ME, BUT ——— AT THE SAME TIME, DID GRANT REASONABLE ACCOMMODATION TO OTHER TEACHERS.

33 Defendants withheld my salaries/sicktimes for Re- Injuries that I sustained on at work. ( Plt. Aff @15, 45, 48 & Exhibit 14, 4 14A

34 That I suffered an Emotional Stressed Work-related Injuries as well as Work discrimination from 2001 to March 5, 2003 by Defendants(Plt. Aff. @43 & 20, 44 & Exhibit 15E & 14A 15F

**CONCLUSION,**

**The plaintiff has raised genuine issue of material fact. The plaintiff therefore asks that this Court deny Defendants' Motion for Summary Judgment, and therefore sent this case to the Jury to decide this case, as a fact finder, instead of the Court.**

RESPECTFULLY SUBMITTED:

NELLIE S. FRANCIS
PLANTIFF PRO-SE.
16 MILLER AVENUE
PROVIDENCE, R.I. 02905
(401)461-2918

**CERTIFICATION**

I hereby certify that I mailed a copy of the within ***Motion*** of Disputed Facts on April 13, 2005 to
**Sara A. Rapport**
**Senior Assistant City Solicitor**
**275 Westminster Street, Suite 200**