**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NELLIE FRANCIS**

**VS.** **CA 04-04T**

**PROVIDENCE SCHOOL BOARD**

Plaintiff's Motion For Reconsideration of Judgment of Order of 9/1/05

Plaintiff, Nellie S. Francis hereby moves this Court to Please Re-Consider Its Decision of the Order of 9/1/05 granting Defendants' Summary Judgment.

Respectfully Submitted

[signature]

Nellie S. Francis
16 Miller Ave
Prov, R.I 02905 (401) 461-2918

**CERTIFICATION**

I hereby certify that I mailed a copy of the within Motions to On September 6, 2005
Sara A. Rapport
Senior Assistant City Solicitor
275 Westminster Street, Suite 200
Providence, Rhode Island 02903-1845

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**NELLIE FRANCIS**

**VS.** **CA 04-04T**

**PROVIDENCE SCHOOL BOARD**

Plaintiff's Memorandum In Re-Consideration of Judgment and Order of 9-1-05

Plaintiff, Nellie S. Francis hereby Request this Court for a Re-consideration for the Judgment and Order of 9/1/05. The Plaintiff relies upon this memorandum for Its Reconsideration.

Plaintiff Is alleging that this Court Should have deny Defendants' Motion for Summary Judgment and let the Jury decide this Case, based on the Relevant and genuine Issue as to the material facts, that Could affect the outcome of this Suit under the governing law. This Court Must ask whether a fair-minded Jury Could Return a verdict for the Plaintiff on evidence Presented. Lipsett Vs. University of Puerto Rico, 864 F2d 881, 894 (1st Cir. 1988) ((Quoting Anderson, 477

U.S. at 248, 252, 106 S.Ct @ 2510, 2512); accord Oliver Vs. Digital Equipment Corp, 846 F.2d 103, 105 (1st Cir. 1988) ("an Issue is genuine if the evidence is such that a reasonable jury could Return a Verdict for the Non moving party") (quoting Anderson, 477 U.S. @ 248, 106 S. Ct. @ 2510.

Plaintiff, brought this action against the Defendants Claiming Violations of the American With Disabilities Act ("ADA"), 42 U.S.C § 12101, et Seq, and various Rhode Island statues prohibiting Employment discrimination which mirror the provisions OR elements of the ADA.

The essence of Plaintiff's Claims are:

(a) That the Defendants, Providence School Board failed to make Reasonable accommodation for alleged disabilities.

(b) That The Defendants, providence School Board did discriminate against me, while Refusing to make Reasonable accommondation for Plaintiff, while the Defendants have made Similar accommodation for other Teachers.

c) That The Defendants, Providence School Board Refused to Restore Plaintiff's Back pay Lost as a Result of the Boards' Refusal to give Plaintiff Reasonable accommodations.

d) That The Defendants, Providence School Board did Discriminate against Plaintiff, when Defendants granted Reasonable accommodations to other Teachers by Providing Teachers Aide and Refuse to do Same for Plaintiff.

(e) That Defendants, Prov. School Board did discriminate against plaintiff, when Defendants Granted Back-lumbar Chair For Other Teachers and Refused to grant Same for Plaintiff.

(f) That Defendants Refused to provide a Reasonable accommondation of Plaintiff's Complaint Numbers: 11, 12 & 13.

Reasonable accommodation:

This Court did not address all Relevant facts, as well as genuine issue In this Case. The Defendants did not Reasonably accommondate my Plaintiffs known Impairments. That Is Numbers: 11, 12 & 13 In Plaintiff's Complaint file. Defendants had No evidence of this. Yet, this Court granted Summary Judgment.

The Reasonable accommondations Sought by Plaintiff did not Impose an Unreasonable

Burden on the Employer. Please Refer to Plaintiff's Complaint File - December 11, 2003, Numbers: 11, 12 and 13.

The employer is not necessarily required to offer "the accommondation sought" Bryant Vs. Caritas Norwood Hospital, 345 F.Supp. 2d 155, 169 (D. Mass 2004) In the Same light, Employer is not to discriminate, when Employer has given the Same Reasonable accommondation to others. In this Case @ Bar, Defendants, Providence School Board did Discriminate against Plaintiff.

This court has Ignored Plaintiff's Complaint File on December 11, 2003, as well as Plaintiff's Disputed & Undisputed facts filed with Court In granting Defendants Summary Judgment.

There is Nothing stated In Plaintiff's Complaint about a Reasonable accommondations permitting Plaintiff to arrive thirty minutes late each Day.

There is Nothing Stated In Plaintiff's Complaint-03 about a Full-Time assistant Reasonable accommondations. This issue was Resolved on September 26, 2002, when plaintiff Return to Work @ School and Performed without an Assistant. The Court again Ignored

Plaintiff's Complaint 03. Plaintiff has Stated in her motion in opposition to Defendants Summary Judgment that Defendants Did Violate & Discriminated against plaintiff, by providing a full-Time assistant to Other Teachers, while Radically Restructuring the Job Requirements & Incurring The Additional Expenses Involved In hiring a full-time Aide. Please Refer to Plaintiff's Exhibits 8 & 14A, 14 15E, 16 & 15F.

An Employer's Obligation to make reasonable accommodations does Not require The Employer to Rewrite the essential elements of a Job Description or to reallocate those Functions to Other Workers - See Feliciano v. Rhode Island, 160 F.3d 780, (1st Cir. 1998), But an Employer Is Not to discriminate by making reasonable accommodations to Others, by Rewriting the Essential elements of their Job Descriptions or to Reallocate those functions to Others and Not doing It for Others who sought the accommodations. This Is Discrimination, and the Court Should have deny Defendants' Providence

6 04-04T

School Summary Judgment because, Defendants have given such accommondations to others See: Plaintiff's Exhibit 8. Defendants, Providence School denied Plaintiff a Reasonable Accommondation on 11/13/01 and granted Reasonable Accommondation to the following Teachers:

(a) Hanley, Mary — 11-15-01
(b) Kozma, Cynthia — 7-11-00
(c) Landes, Laura — 6-2-00
(d) Maldonado, Beatriz — 11-23-99
(e) Pendleton, Michele — 6-1-99
(f) Sheridan, Angela — 2-28-98
(g) Tassone, Simmone — 9-17-98

Plaintiff Presented Documentations to Defendants for a Reasonable Lumbar Support High Back Chair In 2000, and was not granted. While Defendants granted Same to the following when presented Same Documents to Defendants.

(a) Glass, Anita — 11-6-00
(b) Madyun, Delores — 11-22-99
(c) Anas, Jane — 11-8-98

Defendants have not provided all of the Reasonable accommondations that was Required

under the Circumstances, yet Defendants discriminated against Plaintiff by Refusing to Reasonably accommodating her, and at the Same token, Defendant did grant Same to Other Teachers.

This Court Erred, prejudice, was Bias in Granting Defendants Summary Judgment when Infact: ① Defendants did discriminate against Plaintiff

② Defendants did not allow for Reasonable accommodations of providing:

(1) a parking Space close to School Building

(2) A Secure drawer or Cupboard For plaintiff's Books & other Teaching materials.

(3) Stationed plaintiff Near a Class Room with Running Water Suitable For Biology Teaching. (4) Restore plaintiff's Back pay lost as a Result of Defendants Refusal to accommodate

(5) To allow for a Back Lumbar Chair For plaintiff's use In Class Rooms to avoid Reinjure of her Back.

8 04/04T

In Short, As for The Forgoing Reasons, Of Providing a Reasonable accommodations to plaintiff, All of those Stated above would not have Cause Undue ~~Hard Ship~~ to Defendants, but Instead, this Court has Erred In Granting Defendants Summary Judgment, when materials of genuine facts/materials Exist, which Could be Resolved by trier of Facts by a Jury and *Not the Court.

## Conclusion

Wherefore, Plaintiff Request this Court to Reconsider Its Judgment and Order of 9/1/05 and Deny Defendants motion for Summary Judgment & Send this Case to a Jury for Determination.

RESPECTFULLY SUBMITTED:

NELLIE S. FRANCIS
PLANTIFF PRO-SE SE.
16 MILLER AVENUE
PROVIDENCE, R.I. 02905
(401)461-2918

## CERTIFICATION

I hereby certify that I mailed a copy of the within Motions to on September 6, 2005
Sara A. Rapport
Senior Assistant City Solicitor
275 Westminster Street, Suite 200
Providence, Rhode Island 02903-1845